**Opinion filed October 30, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00012-CR
_____

## MARIA JESUS SANCHEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 244th District Court
### Ector County, Texas
### Trial Court Cause No. C-17-1052-CR

### M E M O R A N D U M   O P I N I O N

Appellant, Maria Jesus Sanchez, pleaded guilty to the offense of evading arrest or detention.  Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt, placed Appellant on community supervision for five years, and imposed a fine of $500.  The State subsequently filed a motion to revoke Appellant's community supervision and adjudicate her guilt.  The trial court conducted a hearing on the motion, at which Appellant pleaded true to three allegations contained in the State's motion and three witnesses testified.  The trial

court found the three allegations to be true, revoked Appellant's community supervision, adjudicated her guilty of the charged offense, and assessed her punishment at confinement for five years. We modify the trial court's judgment to delete the fine and some of the court costs, and we affirm as modified.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the reporter's record and the clerk's record. Counsel advised Appellant of her right to review the record and file a response to counsel's brief. Counsel also advised Appellant of her right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community

supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

We conclude, however, that the judgment contains nonreversible errors. First, there is a variation between the oral pronouncement of sentence and the written judgment adjudicating guilt. The written judgment includes a fine of $500. When the trial court assessed Appellant's punishment and orally pronounced the sentence in open court, the trial court did not mention a fine. The trial court was required to pronounce the sentence in Appellant's presence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 (West Supp. 2020); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). When there is a variation between the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998); *see also Taylor*, 131 S.W.3d at 500–02 (explaining the distinction between regular community supervision, in which sentence is imposed but suspended when a defendant is placed on community supervision, and deferred-adjudication community supervision, in which the adjudication of guilt and the imposition of sentence are deferred). Because the trial court did not mention any fine when it orally pronounced Appellant's sentence and because we have the necessary information for reformation, we modify the trial court's judgment adjudicating guilt to delete the fine. *See Taylor*, 131 S.W.3d at 502; *Cerna v. State*, No. 11-14-00363-CR, 2015 WL 3918259, at *2 (Tex. App.—Eastland June 25, 2015, no pet.) (per curiam) (mem. op., not designated for publication).

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

Second, the written judgment includes court costs. Included in those costs is an assessment for a third-party collection fee in the amount of $452.70. Pursuant to Article 103.0031 of the Texas Code of Criminal Procedure, a county's commissioners court or a municipality's governing body (a) may contract with a third party to collect unpaid fines, fees, court costs, forfeited bonds, restitution, and amounts related to a defendant's failure to appear and (b) may authorize the addition of a collection fee to the past-due amounts owed by the defendant. TEX. CODE CRIM. PROC. ANN. art. 103.0031(a), (b) (West 2018). However, a defendant that has been determined by the trial court to be indigent "is not liable for the collection fees authorized under Subsection (b)." *Id.* art. 103.0031(d). The trial court in this case had determined that Appellant was indigent. Therefore, the trial court erred when it assessed the third-party collection fee against Appellant.[2]

Also included in the court costs is a time payment fee of $25. *See* former TEX. LOC. GOV'T CODE ANN. § 133.103 (2004).[3] We held that subsections (b) and (d) of that section were facially unconstitutional because the collected fees were to be allocated to general revenue and were not sufficiently related to the criminal justice system. *See King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1, *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for

---

[2]We note that the court costs in this case also included a court-appointed attorney's fee of $600. Because the $600 court-appointed attorney's fee was included in the original judgment deferring the adjudication of Appellant's guilt, we have not deleted it from the judgment adjudicating guilt. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (holding that the defendant procedurally defaulted by failing to raise the attorney-fee issue in a direct appeal from the initial order of deferred adjudication).

[3]We note that the legislature has recently repealed subsections (b) and (d) of Section 133.103, transferred Section 133.103 from the Local Government Code to Chapter 102 of the Texas Code of Criminal Procedure, redesignated Section 133.103 as Article 102.030, and amended the language of the statute to delete the provisions that were previously held to be unconstitutional. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40(33), 5.01, 5.04, 2019 Tex. Gen. Laws ____ (codified at TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020)) (effective January 1, 2020). The legislature provided that the above changes "apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act." *Id.* § 5.01. The record in this cause reflects that the offense occurred prior to January 1, 2020. Therefore, the former statute, rather than the recent revisions, apply to this case.

publication).  Accordingly, the trial court erred when it assessed a time payment fee under former Section 133.103, subsections (b) and (d) of the Texas Local Government Code as a court cost.  *See id.*

We grant counsel's motion to withdraw; modify the judgment adjudicating guilt so as to delete the $500 fine, the $452.70 third-party collection fee, and $22.50 of the time payment fee; and, as modified, affirm the judgment of the trial court.

PER CURIAM

October 30, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.